# EXHIBIT A

**2022 CA 001529 OC - FERNANDEZ, TEAGUE ANTHONY vs. PERKINS LLC**

## SUMMARY

| | | |
|---|---|---|
| **Judge:** | **Court Type:** | **Case Type:** |
| EGAN, ROBERT J | CIRCUIT CIVIL | DISCRIMINATION EMPLOYMENT OR OTHER-OTHER CIVIL |
| **Case Number:** | **Uniform Case Number:** | **Status:** |
| 2022 CA 001529 OC | 492022CA001529XXXXXX | OPEN |
| **Clerk File Date:** | **Status Date:** | **Waive Speedy Trial:** |
| 6/16/2022 | 6/16/2022 | ☐ |
| **Total Fees Due:** | **Custody Location:** | **Agency:** |
| 400.00 | | |
| **Agency Report Number:** | | **Foreclosure:** |

## PARTIES

| TYPE | PARTY NAME | ATTORNEY |
|---|---|---|
| PLAINTIFF | FERNANDEZ, TEAGUE ANTHONY | FALZON, ANTHONY VINCENT (Main Attorney) |
| DEFENDANT | PERKINS LLC | |

## EVENTS

| DATE | EVENT | JUDGE | LOCATION | RESULT | |
|---|---|---|---|---|---|
| | | No Events on Case | | | |

## OUTSTANDING AMOUNT

| COUNT | CODE | DESCRIPTION | ASSESSMENT | PAID | WAIVED | BALANCE | PAYMENT PLAN / JUDGMENT | DUE DATE |
|---|---|---|---|---|---|---|---|---|
| 1 | .CI | CIRCUIT CIVIL FILING | $400.00 | $0.00 | $0.00 | $400.00 | | |
| | | | | | Total Outstanding: | $400.00 | | |

## RECEIPTS

| DATE | RECEIPT # | APPLIED AMOUNT |
|---|---|---|
| | No Receipts on Case | |

## CASE DOCKETS

| VIEWER | IMAGE | DATE | ENTRY |
|---|---|---|---|
| | Request | 7/15/2022 | WAIVER OF SERVICE OF PROCESS |
| | | 6/16/2022 | CASE FILED 06/16/2022 CASE NUMBER 2022 CA 001529 OC |
| | Request | 6/15/2022 | COMPLAINT |
| | 🗎 3 | 6/15/2022 | CIVIL COVER SHEET |

**FORM 1.997.   CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.   CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>NINTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>OSCEOLA</u>   COUNTY, FLORIDA

<u>Teague Anthony Fernandez</u>
Plaintiff                                      Case # _____

                                               Judge  _____

vs.

<u>Perkins LLC</u>
Defendant

### II.   AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

### III.   TYPE OF CASE      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
     ☐ Business governance
     ☐ Business torts
     ☐ Environmental/Toxic tort
     ☐ Third party indemnification
     ☐ Construction defect
     ☐ Mass tort
     ☐ Negligent security
     ☐ Nursing home negligence
     ☐ Premises liability—commercial
     ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
     ☐ Commercial foreclosure
     ☐ Homestead residential foreclosure
     ☐ Non-homestead residential foreclosure
     ☐ Other real property actions

☐ Professional malpractice
     ☐ Malpractice—business
     ☐ Malpractice—medical
     ☐ Malpractice—other professional
☒ Other
     ☐ Antitrust/Trade regulation
     ☐ Business transactions
     ☐ Constitutional challenge—statute or ordinance
     ☐ Constitutional challenge—proposed amendment
     ☐ Corporate trusts
     ☒ Discrimination—employment or other
     ☐ Insurance claims
     ☐ Intellectual property
     ☐ Libel/Slander
     ☐ Shareholder derivative action
     ☐ Securities litigation
     ☐ Trade secrets
     ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☒ Nonmonetary declaratory or injunctive relief;
☒ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

    <u>6</u>

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

    **IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Anthony Vincent Falzon</u>        Fla. Bar # <u>69167</u>
       Attorney or party                  (Bar # if attorney)

<u>Anthony Vincent Falzon     </u>        <u>06/15/2022</u>
  (type or print name)             Date

Filing # 151583324 E-Filed 06/15/2022 04:44:53 PM

IN THE CIRCUIT COURT FOR
THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY,
FLORIDA

CIVIL DIVISION

CASE NO:

TEAGUE ANTHONY FERNANDEZ,

     Plaintiff,

vs.

PERKINS LLC, a Florida limited liability
corporation,

     Defendant,

_____/

## COMPLAINT

Plaintiff, Teague Anthony Fernandez (hereinafter "Plaintiff" or "Mr. Fernandez"), hereby sues the Defendant, Perkins LLC, a Florida limited liability company (hereinafter "Defendant" or "Perkins"), and alleges:

### NATURE OF ACTION

1.    This is an action for damages that exceed thirty thousand dollars ($30,000.00) and for prospective injunctive relief for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 as amended by the Civil

1

Rights Act of 1991 ("Title VII") and the Florida Civil Rights Act of 1992 as amended ("FCRA").

2.    Venue is proper in Osceola County, Florida as the Defendant operates within Osceola County Florida and the Defendant's unlawful conduct giving rise to the claims asserted herein was committed in Osceola County, Florida.

## THE PARTIES

3.    Mr. Fernandez is a gay male *sui juris* and, at all material times to this action, was a resident of Osceola County, Florida.

4.    At all times material hereto, Defendant Perkins, has been a Florida limited liability corporation with its main office located at 7310 Amherst Street, Tampa, FL 33625.  At all material times Perkins LLC operated a restaurant called Perkins Restaurant and Bakery located at 5170 W. Irlo Bronson Hwy., Kissimmee, FL 34746.

5.    The Defendant acted through its agents, servants, representatives, and/or employees at all times material hereto.

## CONDITIONS PRECEDENT

6.    Mr. Fernandez compiled with conditions precedent to jurisdiction under Title VII and the FCRA because he filed a Charge of Discrimination ("Charge") with the United States Equal Opportunity Commission ("EEOC") which was dual filed

2

with the Florida Commission on Human Relations ("FCHR") on or about November 18, 2022. The Charge alleged sexual harassment, discrimination and retaliation against the Defendant.

7.     Mr. Fernandez filed this suit within ninety (90) days of receiving a Right to Sue Notice from the EEOC; 180 days have elapsed since the Charge was filed with both the EEOC and the FCHR has not issued a determination in that time period; and Mr. Fernandez is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged discriminatory and retaliatory acts.

8.     Mr. Fernandez has complied with all applicable administrative prerequisites pursuant to Title VII and the FCRA and has performed all necessary conditions precedent under Florida law to the maintenance of this action prior to filing this Complaint.

## GENERAL ALLEGATIONS

9.     Mr. Fernandez was hired as a server by the Defendant in May of 2021. Prior to beginning work, Mr. Fernandez was told that he needed to "tone down" his appearance because the looked "too gay".

10.     Almost from the first day, Mr. Fernandez began being sexually harassed by one of the cooks called Altese who identified and presented himself as a heterosexual male. Altese would ask Mr. Fernandez to go out on a date with him,

commented that Mr. Fernandez had a "nice ass" and proceeded to slap Mr. Fernandez on the rear end.

11.     Mr. Fernandez reported Altese's unwelcome advances, harassment and battery to Christa, the head server, and asked her to tell Altese to never ever touch him again.

12.     Another cook, called Ricky, who also identified and presented himself as a heterosexual male, insisted on telling Mr. Fernandez that he had a large endowment and boasted about the size of his manhood.  Ricky even told Mr. Fernandez that he had once had sex with a transgender female while on a trip to New York City.

13.     Mr. Fernandez tried to adopt a strategy of ignoring Ricky's inappropriate comments and thinly veiled invitations to engage in sexual activity with him.  When this strategy did not work, Mr. Fernandez spoke to Ryan, the kitchen manager, who Mr. Fernandez hoped would be able to keep Ricky in check.

14.     Ryan refused to get involved in the matter and in fact began to act in a hostile and  unfriendly way towards Mr. Fernandez.

15.     On the very same day that Mr. Fernandez tried to enlist the help of Ryan to address the situation with Ricky, Ricky yelled at Mr. Fernandez just because he picked up the wrong order actually coming around from behind the counter where he

4

was working to yell in Mr. Fernandez's face.

16.    Mr. Fernandez reported the situation to Sean, the General Manager, who asked him  to write out and submit a formal complaint which Mr. Fernandez did. Shortly after he submitted the written complaint, Ricky yelled at Mr. Fernandez again, this time for not picking up two orders quickly enough for Ricky's liking.

17.    Mr. Fernandez approached the General Manager again and asked if he could be put on a different shift from Ricky.  The General Manager responded that it was not possible for him to do so.

18.    After Mr. Fernandez submitted a formal complaint detailing the harassment and bullying that he was being subjected to, Ricky intensified his harassment and began sabotaging Mr. Fernandez's work and bad mouthing him to his co-workers and telling them that he would not have any issues with Mr. Fernandez if he were not gay.

19.    A few days later, Ricky intensified his harassment and bullying even further so Mr. Fernandez approached the manager on duty and told him that management needed to address the situation because it had become intolerable.

20.    When the manager on duty ignored his request, Mr. Fernandez approached the head server Christa who told him that he should leave for the day and that she would find someone to cover his shift the next day while management

addressed the situation.

21.     When Mr. Fernandez approached the duty manager to let him know that he was leaving for the day on the advice of the head server, the duty manager who had ignored his pleas for help earlier in the day, raised his hand as if to tell Mr. Fernandez to stop and not approach him.  When the duty manager continued to ignore Mr. Fernandez, Mr. Fernandez asked his direct supervisor - the head server - what he should do and she instructed him to go home.

22.     The next day, Mr. Fernandez called the General Manager who instructed him to remain home until management had completed its investigation of his complaint and added that a decision would be taken "in the best interest of the company".

23.     On or about October 29, 2021 the General Manager called Mr. Fernandez and informed him that his employment was being terminated because he did not complete his shift.

24.     Mr. Fernandez has retained undersigned counsel and has agreed to pay reasonable attorney's fees and costs in connection with representation in this action.

## COUNT ONE - HARASSMENT IN VIOLATION OF THE FCRA

25.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporate them herein.

6

26.    This claim is authorized and instituted pursuant to the provisions of the FCRA for relief based upon the unlawful employment practices of the Defendant.

27.    Specifically Mr. Fernandez's complained about sexual harassment and harassment on the grounds of his sexual orientation by his co-workers.

28.    The harassment was sufficiently severe or pervasive so as to alter the terms or conditions of his employment and it created an abusive working environment.

29.    Defendant was aware of the harassment, yet they did nothing to protect Mr. Fernandez after he complained about the harassment.

30.    Defendant's actions were wilful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Mr. Fernandez's rights.

31.    As Defendant engaged in discriminatory employment practices with malice and reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to punitive damages, in addition to compensatory damages, and other remedies available under the FCRA.

32.    As a result of Defendant's violations of the FCRA, Mr. Fernandez has been damaged.

WHEREFORE, Plaintiff, Mr. Fernandez, prays that this Court will:

a.    Order the Defendant Perkins to remedy the harassment of Plaintiff by:

i.      Paying appropriate back pay and benefits.

ii.     Paying prejudgment and post judgment interest.

iii.    Paying front pay in lieu of reinstatement.

iv.     Providing any other relief that is appropriate including but not limited to injunctive relief.

b.      Enter an order against the Defendant for compensatory damages.

c.      Enter an order against the Defendant for punitive damages.

d.      Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the FCRA.

## COUNT TWO - HARASSMENT IN VIOLATION OF TITLE VII

33.     Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporate them herein.

34.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act for relief based upon the unlawful employment practices of the Defendant.

35.     Specifically Mr. Fernandez's complained about sexual harassment and harassment on the grounds of his sexual orientation by his co-workers.

36.     The harassment was sufficiently severe or pervasive so as to alter the terms or conditions of his employment and it created an abusive working

8

environment.

37.    Defendant was aware of the harassment, yet they did nothing to protect Mr. Fernandez after he complained about the harassment.

38.    Defendant's actions were wilful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Mr. Fernandez's rights.

39.    As Defendant engaged in discriminatory employment practices with malice and reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to punitive damages, in addition to compensatory damages, and other remedies available under Title VII of the Civil Rights Act.

40.    As a result of Defendant's violations of Title VII of the Civil Rights Act, Mr. Fernandez has been damaged.

WHEREFORE, Plaintiff, Mr. Fernandez, prays that this Court will:

a.    Order the Defendant Perkins to remedy the harassment of Plaintiff by:

i.    Paying appropriate back pay and benefits.

ii.    Paying prejudgment and post judgment interest.

iii.    Paying front pay in lieu of reinstatement.

iv.    Providing any other relief that is appropriate including but not limited to injunctive relief.

b.    Enter an order against the Defendant for compensatory damages.

c.    Enter an order against the Defendant for punitive damages.

d.    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII of the Civil Rights Act.

## COUNT THREE - RETALIATION IN VIOLATION OF THE FCRA

41.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporates them herein.

42.    During his employment with the Defendant, Mr. Fernandez was subject to unwelcome sexual harassment and harassment on the grounds of his sexual orientation.

43.    Mr. Fernandez reported the harassment to his immediate supervisor, then to the kitchen manager and finally to the General Manager.

44.    Mr. Fernandez wrote up and submitted to witness statements complaining about the harassment he had experienced and submitted them to management.

45.    The Defendant did nothing to stop the harassment after he complained about the harassment and refused to assign him to a different shift from the shift worked by his main harasser.

46.    The Defendant was terminated from his employment with the company after he submitted his complaints about harassment.

47. The reason given for Mr. Fernandez's termination was pretextual.

48. Mr. Fernandez was terminated for complaining about and reporting the harassment that he was experiencing in the workplace.

49. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Mr. Fernandez has suffered severe mental anguish and emotional distress, for which Mr. Fernandez is entitled to an award of monetary damages and other relief.

50. Defendant's unlawful conduct and retaliation in violation of the FCRA was outrageous and malicious, was intended to injure Mr. Fernandez, and was done with conscious disregard of Mr. Fernandez's protections granted by the FCRA, entitling Mr. Fernandez to an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a. Order the Defendant Perkins to remedy the unlawful retaliation of Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment interest and post judgment interest.

iii. Paying front pay in lieu of reinstatement;

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

11

b.    Enter an order against the Defendant for compensatory damages.

c.    Enter an order against the Defendant for punitive damages.

d.    Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the FCRA.

## COUNT FOUR - RETALIATION IN VIOLATION OF TITLE VII

51.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporates them herein.

52.    During his employment with the Defendant, Mr. Fernandez was subject to unwelcome sexual harassment and harassment on the grounds of his sexual orientation.

53.    Mr. Fernandez reported the harassment to his immediate supervisor, then to the kitchen manager and finally to the General Manager.

54.    Mr. Fernandez wrote up and submitted to witness statements complaining about the harassment he had experienced and submitted them to management.

55.    The Defendant did nothing to stop the harassment after he complained about the harassment and refused to assign him to a different shift from the shift worked by his main harasser.

56.    The Defendant was terminated from his employment with the company

12

after he submitted his complaints about harassment.

57.     The reason given for Mr. Fernandez's termination was pretextual.

58.     Mr. Fernandez was terminated for complaining about and reporting the harassment that he was experiencing in the workplace.

59.     As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII of the Civil Rights Act, Mr. Fernandez has suffered severe mental anguish and emotional distress, for which Mr. Fernandez is entitled to an award of monetary damages and other relief.

60.     Defendant's unlawful conduct and retaliation in violation of Title VII of the Civil Rights Act was outrageous and malicious, was intended to injure Mr. Fernandez, and was done with conscious disregard of Mr. Fernandez's protections granted by Title VII, entitling Mr. Fernandez to an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a.      Order the Defendant Perkins to remedy the unlawful retaliation of Plaintiff by:

i.      Paying appropriate back pay and benefits.

ii.     Paying prejudgment interest and post judgment interest.

iii.    Paying front pay in lieu of reinstatement;

iv.     Providing any other relief that is appropriate including but not limited

13

to injunctive relief.

b.  Enter an order against the Defendant for compensatory damages.

c.  Enter an order against the Defendant for punitive damages.

d.  Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the Title VII.

**COUNT V - SEX DISCRIMINATION IN VIOLATION OF THE FCRA**

61.  Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporates them herein.

62.  Defendant Perkins has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff because of his sexual orientation.

63.  Defendant Perkins's conduct listed hereinabove constitutes sex discrimination in violation of the FCRA.

64.  As a direct and proximate result of Defendant Perkins's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation and embarrassment.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a.  Order the Defendant Perkins to remedy the unlawful discrimination suffered by the Plaintiff by:

i.     Paying appropriate back pay and benefits.

ii.    Paying prejudgment interest and post judgment interest.

iii.   Paying front pay in lieu of reinstatement;

iv.   Providing any other relief that is appropriate including but not limited to injunctive relief.

b.    Enter an order against the Defendant for compensatory damages.

c.    Enter an order against the Defendant for punitive damages.

d.    Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the FCRA.

**COUNT VI - SEX DISCRIMINATION IN VIOLATION OF TITLE VII**

65.    Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 24 and incorporates them herein.

66.    Defendant Perkins has, with malice or reckless indifference, violated the dictates of Title VII of the Civil Rights Act by intentionally discriminating against Plaintiff because of his sexual orientation.

67.    Defendant Perkins's conduct listed hereinabove constitutes sex discrimination in violation of Title VII.

68.    As a direct and proximate result of Defendant Perkins's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits,

distress, humiliation and embarrassment.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a.    Order the Defendant Perkins to remedy the unlawful discrimination

suffered by the Plaintiff by:

i.    Paying appropriate back pay and benefits.

ii.    Paying prejudgment interest and post judgment interest.

iii.    Paying front pay in lieu of reinstatement;

iv.    Providing any other relief that is appropriate including but not limited

to injunctive relief.

b.    Enter an order against the Defendant for compensatory damages.

c.    Enter an order against the Defendant for punitive damages.

d.    Grant Plaintiff's costs and a reasonable award of attorney's fees

pursuant to Title VII of the Civil Rights Act.

## JURY TRIAL DEMAND

Plaintiff, Mr. Fernandez, hereby demands a trial by jury on all issues triable as

of right by jury.

Dated June 16, 2022.                    Respectfully Submitted:

                                        ANTHONY V. FALZON P.A.
                                        Attorneys for Plaintiff
                                        12000 Biscayne Boulevard, Suite 100
                                        Miami, Florida 33181
                                        Tel. (786) 703 4181
                                        Fax (786) 703 2961
                                        Email: tony@anthonyfalzon-law.com

                                        By:    s/ *Anthony V. Falzon*
                                               ANTHONY V. FALZON
                                               Florida Bar No. 69167

17

IN THE CIRCUIT COURT FOR THE NINTH
JUDICIAL CIRCUIT IN AND FOR OSCEOLA
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 2022-CA-001529-OC

TEAGUE ANTHONY FERNANDEZ,

     Plaintiff,

vs.

PERKINS LLC, a Florida limited liability
corporation,

     Defendant,

_____/

**NOTICE OF COMMENCEMENT OF ACTION**

To:  PERKINS LLC
     c/o Registered Agent
     Taylor W. Perkins
     7310 Amherst Street
     Tampa FL 33625

     or its attorney
     Timothy M. Boughey Esq.
     Jackson Lewis P.C.
     171 17th Street NW
     Suite 1200
     Atlanta, GA 30363

     A lawsuit has been commenced against you (or the entity on whose behalf you
are addressed). A copy of the complaint is attached to this notice. The complaint has
been filed in the Circuit Court of the 9th Judicial Circuit in and for Osceola County,

1

Florida and has been assigned case number 2022-CA-001529-OC

This is not a formal summons or notification from the court, but is rather my request that you sign the enclosed waiver of service of process form in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 20 days (30 days if the recipient does not reside in the United States) after the date you receive this notice and request for waiver. I have enclosed a self-addressed stamped envelope for your use. An extra copy of the notice and request, including the waiver, is attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the court and no summons will be served on you. The lawsuit will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to respond to the complaint until 60 days after the date on which you received the notice and request for waiver.

If I do not receive the signed waiver within 20 days from the date you received the notice and the waiver of service of process form, formal service of process may be initiated in a manner authorized by the Florida Rules of Civil Procedure. You (or the party on whose behalf you are addressed) will be required to pay the full cost of such service unless good cause is shown for the failure to return the waiver of service.

I hereby certify this notice of lawsuit and request for waiver of service of process has been sent to you by Fedex on behalf of the Plaintiff on June 17, 2022.

Respectfully Submitted,

*/s/ Anthony V. Falzon*
ANTHONY V. FALZON P.A.
12000 Biscayne Boulevard
Suite 100
Miami, FL 33181
Tel: (786) 703 4181
Fax: (786) 703 2961
E-mail: tony@anthonyfalzon-law.com

2

IN THE CIRCUIT COURT FOR THE
NINTH JUDICIAL CIRCUIT IN AND
FOR OSCEOLA COUNTY, FLORIDA

CIVIL DIVISION

CASE NO: 2022-CA-001529-OC

TEAGUE ANTHONY FERNANDEZ,

       Plaintiff,

vs.

PERKINS LLC, a Florida limited liability
corporation,

       Defendant,

_____/

## WAIVER OF SERVICE OF PROCESS

To:  PERKINS LLC
      c/o Registered Agent
      Taylor W. Perkins
      7310 Amherst Street
      Tampa FL 33625

      or its attorney
      Timothy M. Boughey Esq.
      Jackson Lewis P.C.
      171 17th Street NW
      Suite 1200
      Atlanta, GA 30363

      I acknowledge receipt of your request that I waive service of process in the lawsuit of *Teague Anthony Fernandez v. Perkins LLC* Case No.2022-CA-001529-OC

3

in the Circuit Court for the Ninth Judicial Circuit in and for Osceola County, Florida. I have also received a copy of the Complaint, two copies of this waiver, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of process and an additional copy of the Complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Fla.R.Civ.P. 1.070.

If I am not the Defendant to whom the notice of lawsuit and waiver of service of process was sent, I declare that my relationship to the entity or person to whom the notice was sent and my authority to accept service on behalf of such person or entity is as follows:

I am the attorney for the named Defendant authorized to accept service of process on the Defendant's behalf.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction of or venue of the court except for any objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if a written response is not served upon you within 60 days from the date I received the notice of lawsuit and request for waiver of service of process.

Dated on _____

_____
Defendant or Defendant's Representative

4