UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:6:22-CV-1253-PGB-DAB

TEAGUE ANTHONY FERNANDEZ,

    Plaintiff,

vs.

EH FRANCHISING HOLDCO LLC D/B/A
PERKINS LLC, a Florida limited liability
corporation,

    Defendant,
_____/

## AMENDED COMPLAINT

Plaintiff, Teague Anthony Fernandez (hereinafter "Plaintiff" or "Mr. Fernandez"), hereby sues the Defendant, EH Franchising Holdco LLC d/b/a Perkins LLC, a Florida limited liability company (hereinafter "Defendant" or "Perkins"), and alleges:

## JURISDICTION ALLEGATIONS

1. This is an action for damages and for prospective injunctive relief for sexual harassment, sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 ("Title VII") and the

Florida Civil Rights Act of 1992 as amended ("FCRA").

2. This court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

4. Mr. Fernandez compiled with conditions precedent to jurisdiction under Title VII and the FCRA because he filed a Charge of Discrimination ("Charge") with the United States Equal Opportunity Commission ("EEOC") on or about November 18, 2022. The Charge alleged sexual harassment, discrimination and retaliation against the Defendant.

5. Mr. Fernandez filed this suit within ninety (90) days of receiving a Right to Sue Notice from the EEOC and at the time the right to sue was issued more than180 days had elapsed since the Charge was filed and the FCHR had not issued a determination in that time period.

6. Mr. Fernandez has complied with all applicable administrative prerequisites pursuant to Title VII and the FCRA and has performed all necessary conditions precedent under Florida law to the maintenance of this action prior to filing this Amended Complaint.

## THE PARTIES

7. Mr. Fernandez is a gay male *sui juris* and, at all material times to this

action, was a resident of the Middle District of Florida.

8. At all times material hereto, Defendant Perkins, has been a Florida limited liability corporation with its main office located at 7310 Amherst Street, Tampa, FL 33625. At all material times Perkins LLC operated a restaurant called Perkins Restaurant and Bakery located at 5170 W. Irlo Bronson Hwy., Kissimmee, FL 34746 where Mr. Fernandez was employed.

9. The Defendant acted through its agents, servants, representatives, and/or employees at all times material hereto.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10. Mr. Fernandez was hired as a server by the Defendant in May of 2021. Prior to beginning work, Mr. Fernandez was told by Bill, a shift manager who interviewed him that he needed to "tone down" his appearance if he wished to work for the Defendant because the looked "too gay". At the time Mr. Fernandez had long hair which was dyed blue. Bill insisted on Mr. Fernandez wearing his hair in a bun and dying his hair black prior to him beginning to work for Perkins commenting that he did not want anyone getting any ideas.

11. Almost from the first day, Mr. Fernandez began being sexually harassed by one of the cooks called Altese who identified and presented himself as a heterosexual male. Altese would ask Mr. Fernandez to go out on a date with him,

commented that Mr. Fernandez had a "nice ass" and proceeded to slap Mr. Fernandez on the rear end.

12.     Mr. Fernandez reported Altese's unwelcome advances, harassment and battery to Christa, the head server, and asked her to tell Altese to never ever touch him again.

13.     After he complained about Altese to Christa, Altese and the other cooks began to take their time completing the orders for Mr. Fernandez's tables.  Mr. Fernandez's orders would be presented to him cold or poorly cooked.  The cooks began omitting the side orders of pancakes for the clients Mr. Fernandez was serving and the cooks would ignore him when he reminded them that he was missing the side orders.

14.     As a result of these deliberate actions, the clients that Mr. Fernandez was serving would often complain about the length of time it took for their orders to arrive as well as about the food not being properly cooked or cold or both.

15.     Another cook, called Ricky, who also identified and presented himself as a heterosexual male, insisted on telling Mr. Fernandez on several occasions that he had a large endowment and boasted about the size of his manhood.  Ricky even told Mr. Fernandez that he had once had sex with a transgender female while on a trip to New York City.  Ricky also informed Mr. Fernandez that he did not believe in

LGBT rights.

16. Mr. Fernandez tried to adopt a strategy of ignoring Ricky's inappropriate comments and thinly veiled invitations to engage in sexual activity with him. When this strategy did not work, Mr. Fernandez spoke to Ryan, the kitchen manager, who Mr. Fernandez hoped would be able to keep Ricky in check.

17. Ryan refused to get involved in the matter and in fact told Mr. Fernandez that it was his fault and warned Mr. Fernandez that he needed to watch his back.

18. After Mr. Fernandez reported Ricky's harassment to Ryan, Ryan became hostile and aggressive towards him. A short while after he reported Ricky to Ryan, Mr. Fernandez asked Ryan whether an order at the window was his. Instead of answering him, Ryan proceeded to yell at Mr. Fernandez so loudly that the clients on one of the tables that Mr. Fernandez was serving heard Ryan yelling.

19. A short while later Mr. Fernandez picked up the wrong order and Ryan ran up to him and began yelling in his face. Mr. Fernandez apologized for his mistake repeatedly but Ryan just continued yelling and creating a scene in front of other employees including the General Manager Sean who witnessed the yelling and did not intervene. Other non-LGBT servers who picked up the wrong orders were not yelled at or derided.

20. Mr. Fernandez reported the situation to Sean, the General Manager, who asked him to write out and submit a formal complaint which Mr. Fernandez did.

21. After Mr. Fernandez gave Sean the handwritten complaint, Sean called him into his office for a private meeting during which he informed Mr. Fernandez that it was his fault that he was being abused by the cooks. Sean also criticized Mr. Fernandez's written description of the mistreatment as "toxic", "abusive" and "hostile" and said that would have even bigger problems if he left that language in the complaint.

22. Shortly after he submitted the written complaint, Ricky yelled at Mr. Fernandez again, this time for not picking up two orders quickly enough for Ricky's liking. Mr. Fernandez approached the General Manager again and asked if he could be put on a different shift from Ricky. The General Manager responded that it was not possible for him to do so.

23. After Mr. Fernandez submitted a formal complaint detailing the harassment and bullying that he was being subjected to, Ricky intensified his harassment and continued sabotaging Mr. Fernandez's work and making homophobic remarks about him to his co-workers. Ricky even told Mr. Fernandez's coworkers that he would not have any issues with Mr. Fernandez if he were not gay.

24. On or about October 21, 2021 - Gio - the manager on duty, announced

a new rule to the servers telling the servers that moving forward they could not take an order of food to a table until the kitchen had cooked the entire order.

25. Later that same day Ricky gave Mr. Fernandez the entrees for his table without the sides of pancakes. When Mr. Fernandez asked where the pancakes were, Ricky yelled at Mr. Fernandez that he was the cook, that it was his kitchen and that he would prepare the pancakes when he was ready.

26. Mr. Fernandez then asked Gio whether he could take the entrees to the customers tables without the pancakes so that the entrees would not get cold. Mr. Fernandez told Gio that he had already complained to management twice about Ricky. Gio responded that he did not care about the complaints and that if Mr. Fernandez did not like it he didn't have to work at Perkins anymore.

27. Mr. Fernandez then approached the head server Christa who told him that he should leave for the day and that she would find someone to cover his shift the next day while management addressed the situation.

28. When Mr. Fernandez approached Gio to let him know that he was leaving for the day on the advice of the head server, Gio raised his hand as if to tell Mr. Fernandez to stop and not approach him. When Gio continued to ignore Mr. Fernandez, Mr. Fernandez asked his direct supervisor - the head server - what he should do and she instructed him to go home.

29. The next day, Mr. Fernandez called the General Manager who instructed him to remain home until management had completed its investigation of his complaint and added that a decision would be taken "in the best interest of the company".

30. On or about October 29, 2021 the General Manager called Mr. Fernandez and informed him that his employment was being terminated because he did not complete his shift.

31. Mr. Fernandez has retained undersigned counsel and has agreed to pay reasonable attorney's fees and costs in connection with representation in this action.

## COUNT ONE - HARASSMENT IN VIOLATION OF THE FCRA

32. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

33. This claim is authorized and instituted pursuant to the provisions of the FCRA for relief based upon the unlawful employment practices of the Defendant.

34. Specifically Mr. Fernandez's complained about sexual harassment and harassment on the grounds of his sexual orientation by his co-workers.

35. The harassment was sufficiently severe or pervasive so as to alter the terms or conditions of his employment and it created an abusive working environment.

36. Defendant was aware of the harassment, yet they did nothing to protect Mr. Fernandez after he complained about the harassment.

37. Defendant's actions were wilful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Mr. Fernandez's rights.

38. As Defendant engaged in discriminatory employment practices with malice and reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is entitled to punitive damages, in addition to compensatory damages, and other remedies available under the FCRA.

39. As a result of Defendant's violations of the FCRA, Mr. Fernandez has been damaged.

WHEREFORE, Plaintiff, Mr. Fernandez, prays that this Court will:

a. Order the Defendant Perkins to remedy the harassment of Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment and post judgment interest.

iii. Paying front pay in lieu of reinstatement.

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

b. Enter an order against the Defendant for compensatory damages.

c. Enter an order against the Defendant for punitive damages.

    d.    Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to the FCRA.

## COUNT TWO - HARASSMENT IN VIOLATION OF TITLE VII

40. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

41. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act for relief based upon the unlawful employment practices of the Defendant.

42. Specifically Mr. Fernandez's complained about sexual harassment and harassment on the grounds of his sexual orientation by his co-workers.

43. The harassment was sufficiently severe or pervasive so as to alter the terms or conditions of his employment and it created an abusive working environment.

44. Defendant was aware of the harassment, yet they did nothing to protect Mr. Fernandez after he complained about the harassment.

45. Defendant's actions were wilful, knowing and voluntary, and otherwise done with malice and/or reckless indifference to Mr. Fernandez's rights.

46. As Defendant engaged in discriminatory employment practices with malice and reckless indifference to Plaintiff's statutorily protected rights, Plaintiff is

entitled to punitive damages, in addition to compensatory damages, and other remedies available under Title VII of the Civil Rights Act.

47. As a result of Defendant's violations of Title VII of the Civil Rights Act, Mr. Fernandez has been damaged.

WHEREFORE, Plaintiff, Mr. Fernandez, prays that this Court will:

a. Order the Defendant Perkins to remedy the harassment of Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment and post judgment interest.

iii. Paying front pay in lieu of reinstatement.

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

b. Enter an order against the Defendant for compensatory damages.

c. Enter an order against the Defendant for punitive damages.

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII of the Civil Rights Act.

**COUNT THREE - RETALIATION IN VIOLATION OF THE FCRA**

48. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

49. During his employment with the Defendant, Mr. Fernandez was subject

to unwelcome sexual harassment and harassment on the grounds of his sexual orientation.

50. Mr. Fernandez reported the harassment to his immediate supervisor, then to the kitchen manager and finally to the General Manager.

51. Mr. Fernandez wrote up and submitted two witness statements complaining about the harassment he had experienced and submitted them to management.

52. The Defendant did nothing to stop the harassment after he complained about the harassment and refused to assign him to a different shift from the shift worked by his main harasser.

53. The Defendant was terminated from his employment with the company after he submitted his complaints about harassment.

54. The reason given for Mr. Fernandez's termination was pretextual because his immediate supervisor had authorized him to leave his shift early in order to allow the company to investigate his allegations of harassment.

55. Mr. Fernandez was terminated for complaining about and reporting the harassment that he was experiencing in the workplace.

56. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the FCRA, Mr. Fernandez has suffered severe mental anguish

and emotional distress, for which Mr. Fernandez is entitled to an award of monetary damages and other relief.

57. Defendant's unlawful conduct and retaliation in violation of the FCRA was outrageous and malicious, was intended to injure Mr. Fernandez, and was done with conscious disregard of Mr. Fernandez's protections granted by the FCRA, entitling Mr. Fernandez to an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a. Order the Defendant Perkins to remedy the unlawful retaliation of Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment interest and post judgment interest.

iii. Paying front pay in lieu of reinstatement;

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

b. Enter an order against the Defendant for compensatory damages.

c. Enter an order against the Defendant for punitive damages.

d. Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the FCRA.

**COUNT FOUR - RETALIATION IN VIOLATION OF TITLE VII**

58. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

59. During his employment with the Defendant, Mr. Fernandez was subject to unwelcome sexual harassment and harassment on the grounds of his sexual orientation.

60. Mr. Fernandez reported the harassment to his immediate supervisor, then to the kitchen manager and finally to the General Manager.

61. Mr. Fernandez wrote up and submitted two witness statements complaining about the harassment he had experienced and submitted them to management.

62. The Defendant did nothing to stop the harassment after he complained about the harassment and refused to assign him to a different shift from the shift worked by his main harasser.

63. The Defendant was terminated from his employment with the company after he submitted his complaints about harassment.

64. The reason given for Mr. Fernandez's termination was pretextual because his immediate supervisor had authorized him to leave his shift early in order to allow the company to investigate his allegations of harassment..

65. Mr. Fernandez was terminated for complaining about and reporting the

harassment that he was experiencing in the workplace.

66. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of Title VII of the Civil Rights Act, Mr. Fernandez has suffered severe mental anguish and emotional distress, for which Mr. Fernandez is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful conduct and retaliation in violation of Title VII of the Civil Rights Act was outrageous and malicious, was intended to injure Mr. Fernandez, and was done with conscious disregard of Mr. Fernandez's protections granted by Title VII, entitling Mr. Fernandez to an award of punitive damages.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

a. Order the Defendant Perkins to remedy the unlawful retaliation of Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment interest and post judgment interest.

iii. Paying front pay in lieu of reinstatement;

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

b. Enter an order against the Defendant for compensatory damages.

c. Enter an order against the Defendant for punitive damages.

    d.    Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the Title VII.

### COUNT V - SEX DISCRIMINATION IN VIOLATION OF THE FCRA

68. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

69. Defendant Perkins has, with malice or reckless indifference, violated the dictates of the FCRA by intentionally discriminating against Plaintiff because of his sexual orientation.

70. Defendant Perkins's conduct listed hereinabove constitutes sex discrimination in violation of the FCRA.

71. As a direct and proximate result of Defendant Perkins's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation and embarrassment.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

    a.    Order the Defendant Perkins to remedy the unlawful discrimination suffered by the Plaintiff by:

    i.    Paying appropriate back pay and benefits.

    ii.    Paying prejudgment interest and post judgment interest.

    iii.    Paying front pay in lieu of reinstatement;

    iv.    Providing any other relief that is appropriate including but not limited to injunctive relief.

    b.    Enter an order against the Defendant for compensatory damages.

    c.    Enter an order against the Defendant for punitive damages.

    d.    Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to the FCRA.

### COUNT VI - SEX DISCRIMINATION IN VIOLATION OF TITLE VII

72. Plaintiff reasserts the general allegations as set forth above in paragraphs 1 through 31 and incorporates them herein.

73. Defendant Perkins has, with malice or reckless indifference, violated the dictates of Title VII of the Civil Rights Act by intentionally discriminating against Plaintiff because of his sexual orientation.

74. Defendant Perkins's conduct listed hereinabove constitutes sex discrimination in violation of Title VII.

75. As a direct and proximate result of Defendant Perkins's actions, Plaintiff has suffered damages, including but not limited to, lost income, benefits, distress, humiliation and embarrassment.

WHEREFORE, Plaintiff, Mr. Fernandez, prays this Court will:

    a.    Order the Defendant Perkins to remedy the unlawful discrimination

suffered by the Plaintiff by:

i. Paying appropriate back pay and benefits.

ii. Paying prejudgment interest and post judgment interest.

iii. Paying front pay in lieu of reinstatement;

iv. Providing any other relief that is appropriate including but not limited to injunctive relief.

b. Enter an order against the Defendant for compensatory damages.

c. Enter an order against the Defendant for punitive damages.

d. Grant Plaintiff's costs and a reasonable award of attorney's fees pursuant to Title VII of the Civil Rights Act.

## JURY TRIAL DEMAND

Plaintiff, Mr. Fernandez, hereby demands a trial by jury on all issues triable as of right by jury.

Dated August 4, 2022.        Respectfully Submitted:

ANTHONY V. FALZON P.A.
Attorneys for Plaintiff
12000 Biscayne Boulevard, Suite 100
Miami, Florida 33181
Tel. (786) 703 4181
Fax (786) 703 2961
Email: tony@anthonyfalzon-law.com

By:   s/ *Anthony V. Falzon*
ANTHONY V. FALZON
Florida Bar No. 69167

## **CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that a true and correct copy of the foregoing was served on this 4th day of August, 2022 via the Courts' e-filing system on all counsel of record.

*/s/Anthony V. Falzon*
ANTHONY V. FALZON, ESQ.